**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **EDWARD JOHN CASTILLO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **Civil Action No.  SA-06-CA-841-XR** |
| | ) | |
| **SAN ANTONIO HOUSING** | ) | |
| **AUTHORITY, et al.** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

On this date the Court considered the Report and Recommendation of the United States

Magistrate Judge, filed on November 6, 2006 in the above styled and numbered cause (Docket No.

6).  By letter dated November 17, 2006, Castillo objected to the report and recommendations.  Before

the Magistrate Judge issued her report, Castillo mailed a letter to the Court on October 17, 2006,

which was docketed as a pro se motion requesting the Court to intervene in Plaintiff's complaint

against the Texas Department of Health and Human Services Commission (Docket No. 4).  Castillo

mailed a second letter to the Court on October 27, 2006, which was docketed as a pro se motion for

reconsideration (Docket No. 5).  Finally, on December 18, 2006, Castillo mailed a third letter to the

Court seeking reinstatement of his case that was previously dismissed by Judge Fred Biery on May

23, 2006.[1]

For the reasons discussed below, the Court ACCEPTS the Magistrate's Report and

---

[1]The November 17th and December 18th letters were not docketed.  Plaintiff seeks
reinstatement of case number SA-06-CV-333-FB.

-1-

Recommendation, but for different reasons than those contained in the report. Plaintiff's pro se motion to intervene and motion for reconsideration are DENIED (Docket Nos. 4 & 5). Plaintiff's claims against the Texas Health and Human Services Commission for wrongful denial of food stamp and Medicaid benefits are DISMISSED on the basis of Eleventh Amendment immunity. Plaintiff's claim against the San Antonio Housing Authority is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted. The Court DENIES Plaintiff's request to reinstate case number SA-06-CV-333-FB, which was dismissed without prejudice by Judge Biery on May 23, 2006. The Court's previous Order granting Plaintiff leave to proceed in forma pauperis is VACATED (Docket No. 2). This Order disposes of all claims asserted by Plaintiff; therefore, the Clerk is instructed to close this case.

## I. Factual and Procedural Background

This case was initiated on October 5, 2006, when Castillo filed a motion for leave to proceed in forma pauperis and tendered his proposed civil complaint. The caption of the proposed complaint indicated that Castillo was suing the Texas Health and Human Services Commission ("THHSC"). An attached, hand-printed sheet indicated that Castillo was also suing the San Antonio Housing Authority ("SAHA"). Essentially, Castillo seeks an award of unspecified money damages from the THHSC based on its three denials of plaintiff's applications for food stamps or cash assistance to help him pay for rent, an award of $2.5 million in damages from SAHA for wrongfully denying him housing, and reinstatement of a case previously dismissed by Judge Biery. Plaintiff is disabled and both his legs are amputated.

On October 12, 2006, Judge Mathy granted plaintiff's motion for leave to proceed in forma pauperis and ordered Plaintiff to file a more definite statement of his claims or amended complaint

that, among other things, stated the basis for federal subject matter jurisdiction over each of Plaintiff's claims. On October 20, 2006, Plaintiff filed a motion asking the Court to intervene with THHSC regarding Plaintiff's requests "in getting some assistance with food stamps and medical care medication." On November 3, 2006, Plaintiff filed an amended statement of his complaint, listing several doctors who could testify as to the injuries he has suffered by not having accessible housing and likely will suffer if he is not afforded acceptable housing.[2]

The Magistrate Judge concluded that Castillo "has not demonstrated that he has a federally enforceable right to participate in a state grant or housing or food subsidy program or indicated how SAHA, THHSC, or the police officer has acted to infringe his civil rights." Although Castillo requested this Court to intervene with the THHSC and SAHA so that he could receive affordable housing and food stamps, Judge Mathy concluded that the Court lacks the legal power to do so on

---

[2] The computerized records of the Clerk's Office indicate that plaintiff has filed three prior lawsuits in this Court:

(1) In SA-04-CA-283-FB, plaintiff sued the San Antonio Police Department (SAPD) and SAHA for violations of his civil rights based on his disability and "grave need of housing." Judge Biery accepted the June 9, 2004 report of Magistrate Judge Primomo recommending that SAPD's motion to dismiss be granted on the ground that plaintiff had not responded to the motion to dismiss for failure to state a claim and, later, the February 3, 2005, report of Judge Primomo recommending the dismissal of plaintiff's remaining claims against SAHA because plaintiff for failure to cooperate with discovery, including failure to make himself available for a deposition. When accepting the February 3rd report, Judge Biery overruled plaintiff's several objections. Plaintiff's appeal to the United States Court of Appeals was dismissed. In 2006, plaintiff has filed motions to reconsider, to appoint counsel and to proceed in forma pauperis;
(2) in SA-04-CA-717-FB, plaintiff sued the SAPD and, apparently, certain police officers regarding a 2002 arrest. On December 28, 2004, Judge Biery accepted the report of Magistrate Judge Primomo which recommended that defendants' motion to dismiss be granted. Later, Judge Biery denied motions to reconsider, the United States Court of Appeals dismissed plaintiff's appeal; and
(3) in SA-06-CA-333-FB, plaintiff sued three officers. After plaintiff failed to file a timely response to the Court's questionnaire, Judge Biery dismissed the case. Thereafter, plaintiff filed a motion for reconsideration, to appoint counsel, and three motions to proceed in forma pauperis.

-3-

the current pleadings, which fail to indicate how THHSC or SAHA have violated one of plaintiff's federally enforceable rights in processing his applications.

The Magistrate Judge recommended the following:

(1) the October 12, 2006 Order granting plaintiff's motion for leave to proceed in forma pauperis be vacated and plaintiff's motion for leave to proceed in forma pauperis on his original complaint and his "amended statement complaint" be denied without prejudice because the complaint and amended complaint do not state a non-frivolous federal cause of action upon which relief may be granted; plaintiff may seek to pursue state causes of action in a state court of competent jurisdiction, but this Court does not have jurisdiction to decide state law causes of action when no federal cause of action is present;

(2) in the alternative, the Court recommends that plaintiff's complaint and amended statement of complaint be dismissed without prejudice for failure to provide a more definite statement of a federal claim(s) against each named defendant in response to the Court's October 12, 2006 Order to show cause; and

(3) all other pending motions and requests for relief should be denied as moot, including: plaintiff's motion asking the Court to intervene with the THHSC; and plaintiff's motion for reconsideration of the Order requiring plaintiff to make a more definite statement, included within his response to the October 12, 2006 Order to show cause, should be denied.

In Castillo's handwritten letter of November 17, 2006, which constitute his objections to the magistrate's report and recommendations, he asks for money damages from SAHA and THHSC for wrongfully denied food stamps, rental assistance, and medical equipment assistance. He alleges that he subsists on $603.00 per month in social security disability payments and that he cannot afford to pay his rent, maintain his wheelchair, and pay for food.

In Castillo's handwritten letter of December 18, 2006, he aks this Court to reinstate a case that was previously dismissed by Judge Biery: SA-06-CV-333-FB. He then proceeds to discuss the facts of his lawsuit for several pages. Essentially, Castillo alleges that two San Antonio Police Officers forcefully removed him from someone else's property, hurting Castillo and damaging his

wheelchair in the process.  The officer accused Castillo of trespassing, but Castillo claimed to have permission of the property owner to use the property to recharge his power wheelchair.

## II. Legal Analysis

### A.      Standard of review

The Court will conduct a de novo review of Magistrate Judge's Report and Recommendation because Castillo objected to the findings in her report.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

### B.      Plaintiff's claims will be liberally construed

Pro se pleadings are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court construes Plaintiff's claims to be the following: (1) wrongful denial of food stamps by the THHSC, (2) wrongful denial of Medicaid benefits by THHSC, (3) wrongful denial of public housing and/or rental assistance by SAHA; and (4) a request to reinstate case number SA-06-CV-333-FB, which was dismissed without prejudice by Judge Fred Biery on May 23, 2006.  The Court interprets Castillo's pleas for medical assistance to constitute claims for wrongfully denied Medicaid benefits.

### C.      Plaintiff has asserted valid claims for wrongful denial of food stamp and Medicaid benefits; however, those claims must be dismissed on the basis of Eleventh Amendment immunity because Plaintiff sued THHSC as an entity

Federal law establishes certain food stamp, health care, and public assistance programs that are federally-funded, in whole or in part, but are state-administered.  *See* 7 U.S.C. § 2011 *et seq.* (food stamps); 42 U.S.C. § 1396 *et seq*. (Medicaid). States may directly administer these programs or may delegate the administration to agencies of local government, subject to state supervision. *See* 42 U.S.C. § 1396a(a)(5); 42 U.S.C. § 602(a)(4); 7 U.S.C. § 2012(n)(1).

The Texas Health and Human Services Commission is the state agency responsible for administering and supervising the food stamp and Medicaid program. TEX. GOVT. CODE § 531.021; *Jonathan C. v. Hawkins*, No. Civ. A. 9:05-CV-43, 2006 WL 3498494, *1 (E.D. Tex. Dec. 5, 2006); *Hawkins v. El Paso First Health Plans, Inc.*, No. 03-04-663-CV, 2007 WL 74325, *1 (Tex. App.—Austin Jan. 11, 2007). In Texas, the federal government funds approximately two-thirds of the cost of the Medicaid Program. THHSC also administers the federally funded Food Stamp Program. The United States Department of Agriculture ("USDA") pays for food stamp benefits throughout the country, and THHSC manages and directs the food stamp program in Texas.

The federal Medicaid Act, Title XIX of the Social Security Act, was established by Congress as a cooperative federal and state medical assistance program purposed to enable states, through federal appropriations, to furnish medical assistance. *See* 42 U.S.C. § 1396. The Medicaid Act is specifically designed to "to furnish (1) medical assistance on behalf of families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services, and (2) rehabilitation and other services to help such families and individuals attain or retain capability for independence or self-care . . ." *Id.*

States electing to participate in the Medicaid program must comply with certain requirements imposed by the Act and regulations of the Secretary of Health and Human Resources. *See S.D. v. Hood*, 391 F.3d 581, 586 (5th. Cir. 2004) (citing *Evergreen Presbyterian Ministries, Inc. v. Hood*, 235 F.3d 908, 915 (5th Cir.2000) ("The [Medicaid] program is voluntary; however, once a state chooses to join, it must follow the requirements set forth in the Medicaid Act and in its implementing regulations")).

Both the Food Stamp Act and the Medicaid Act require states to provide for administrative

hearings when requested by recipients.  *See* 7 U.S.C. § 2020(e)(10); 42 U.S.C. 1396a(3).  Plaintiff has not demonstrated that he has exhausted these administrative remedies.  The Medicaid Act requires that THHSC shall "provide for an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied." 42 U.S.C. § 1396a(3). 42 C.F.R. § 431.200 "prescribes procedures for an opportunity for hearing if the Medicaid agency takes action to suspend, terminate, or reduce services." All individuals wishing to make application for Medicaid assistance shall have opportunity to do so, and such assistance shall be furnished with reasonable promptness to all eligible individuals.  42 U.S.C. § 1396a(8).  The Medicaid agency must maintain a hearing system that provides for "an evidentiary hearing at the local level, with a right of appeal to a State agency hearing."  42 C.F.R. § 431.205(b)(2).  The hearing system must meet the due process standards set forth in *Goldberg v. Kelly*, 397 U.S. 254 (1970). 42 C.F.R. § 431.205(d). The Medicaid agency must inform every applicant or recipient in writing of his right to a hearing and of the method by which he may obtain a hearing.  42 C.F.R. § 431.206(b).  If a claimant's appeal is denied after the State agency hearing, the Medicaid agency must notify the claimant in writing of "[h]is right to . . . seek judicial review, to the extent . . . available to him."  42 C.F.R. § 431.245.

The Food Stamp Act and its implementing regulations require that the state conducts fair hearings and promulgates standards for those hearings.  7 U.S.C. § 2020(e)(10) provides that the state agency is required to provide "a fair hearing and a prompt determination thereafter to any household aggrieved by an action of the State agency . . . ."  7 C.F.R. § 273.15 lists numerous procedural protections that must apply in these fair hearings, including that the state: "make available without charge the specific materials necessary for a household or its representatives to . . . prepare for a hearing," 7 C.F.R. § 273.15(i)(1); give the recipient an adequate opportunity to "examine all

documents and records to be used at the hearing at a reasonable time before the hearing as well as during the hearing," 7 C.F.R. § 273.15(p)(1);  give the recipient an opportunity to "present the case or have it presented by a legal counsel or other representative," 7 C.F.R. § 273.15(p)(2); give the recipient an opportunity to bring witnesses, "submit evidence . . . and advance arguments without due interference," 7 C.F.R. § 273.15(p)(3)(4) & (6); and give the recipient the opportunity to "question or refute any testimony or evidence, including an opportunity to confront and cross-examine adverse witnesses," 7 C.F.R. § 273.15(p)(5). Finally, the hearing decision must, *inter alia*, (1) be based on the record developed at the hearing, and (2) "summarize the facts of the case, specify the reasons for the decision, and identify the supporting evidence." See 7 C.F.R. §§ 273.15(q)(1) & (2).  "After a State level hearing decision which upholds the State agency action, the household shall be notified of the right to pursue judicial review of the decision. In addition, in States which provide for rehearings of State level decisions, the household shall be notified of the right to pursue a rehearing." 7 C.F.R. § 273.15(q)(3)(i).

The Fifth Circuit has held that plaintiffs have a section 1983 right of action to enforce state compliance with the Food Stamp Act.  *See Victorian v. Miller*, 813 F.2d 718, 724 (5th Cir.1987) (en banc) ("[W]e hold that plaintiffs have a section 1983 right of action to enforce state compliance with the [Food Stamp] Act").  However, in *Cronen v. Texas Department of Human Services*, the Fifth Circuit held that a section 1983 claim for wrongful denial of food stamp benefits is subject to the defenses of Eleventh Amendment immunity and qualified immunity. 977 F.2d 934, 938-39 (5th Cir. 1992).  The Fifth Circuit has also held that plaintiffs have a section 1983 right of action to enforce state compliance with the Medicaid Act.  S*ee S.D. ex rel. Dickson v. Hood*, 391 F.3d 581, 606 (5th Cir. 2004) (holding that an individual beneficiary may pursue a claim for wrongful denial of

Medicaid benefits under section 1983).

In this case, Plaintiff has sued THHSC for wrongful denial of food stamp benefits.  A state agency is not a "person" for purposes of liability under 42 U.S.C. § 1983.  977 F.2d at 936 (quoting *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  *Cronen* held that Eleventh Amendment immunity barred Cronen's claim against TDHS as an entity for wrongful denial of food stamp benefits.  977 F.2d at 937.[3]  In this case, Plaintiff asserted claims for wrongful denial of food stamp and Medicaid benefits against THHSC as an entity.  Consequently, Plaintiff's claims against the Texas Health and Human Services Commission for wrongful denial of food stamp and Medicaid benefits are DISMISSED on the basis of Eleventh Amendment immunity.

### D.      Plaintiff has not asserted a valid claim for wrongful denial of rental assistance by SAHA

SAHA administers the Section 8 and public housing program in Bexar County, Texas.  To be qualified for public housing, an applicant must be a family as defined in SAHA's Admission and Continued Occupancy policy, meet U.S. Department of Housing and Urban Development ("HUD") requirements on citizenship or immigration status, have an annual income at the time of admission that does not exceed the income limits established by HUD posted in SAHA offices, provide documentation of social security numbers, and meet or exceed the applicant selection criteria.  As of August 1, 2005, the waiting list for SAHA public housing contained 15,300 applicants.  Currently, the waiting list for Section 8 rental assistance is closed.  As of October 1, 2004, the Section 8 waiting list contained 4,000 applicants.

The federal government provides funding for public housing and Section 8 rental assistance;

---

[3]*Cronen* referred to the Texas Department of Human Services ("TDHS"), which was subsequently renamed the Texas Health and Human Services Commission ("THHSC").

however, it is not clear that Castillo has an absolute entitlement to this assistance—the waiting list for Section 8 is closed and the waiting list for public housing in Bexar County has over 15,000 applicants.  It appears that housing assistance is only available if eligibility criteria are met and space is available.  Unlike the right to food stamp or Medicaid benefits, the Fifth Circuit has never held that federally-subsidized rental assistance is a matter of "statutory entitlement" that is a "form of property protected by the due process clause."  *See Victorian*, 813 F.2d at 721.  This Court could not find any Fifth Circuit cases that recognize an individual beneficiary's claim for wrongful denial of federally-subsidized housing assistance.  Consequently, Plaintiff's claim against SAHA is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

**E.      The Court DENIES Plaintiff's request to reinstate case number SA-06-CV-333-FB**

Castillo requests this Court to reinstate a case that was previously dismissed by Judge Biery: SA-06-CV-333-FB.  In that case, Castillo sued San Antonio Police Officers Brian Killian and Michael Wesner for personal injury and property damage sustained during an altercation occurring on April 9, 2005.  Castillo filed the lawsuit on April 18, 2006, and Judge Biery dismissed that case without prejudice on May 23, 2006 for want of prosecution and failure to comply with the Court's Order.  On May 1, 2006, a United States Magistrate Judge had directed Castillo to answer a Court questionnaire regarding his claims against the officers; however, Castillo failed to file answers to that questionnaire by the deadline.  On November 11, 2006, Judge Biery denied Castillo's motion for reconsideration and denied as moot Castillo's motion to appoint counsel and three motions to proceed in forma pauperis.  Castillo never appealed that dismissal to the Fifth Circuit.

This Court does not have the authority to reinstate a case that was previously dismissed by another federal district judge.  This Court is a federal trial court; it does not have authority to act as

-10-

an appellate court and review the judgments of its sister trial courts.

### III. Conclusion

The Court ACCEPTS the Magistrate's Report and Recommendation, but for different reasons than those contained in the report. Plaintiff's pro se motion to intervene and motion for reconsideration are DENIED (Docket Nos. 4 & 5). Plaintiff's claims against the Texas Health and Human Services Commission for wrongful denial of food stamp and Medicaid benefits are DISMISSED on the basis of Eleventh Amendment immunity. Plaintiff's claim against the San Antonio Housing Authority is DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted. The Court DENIES Plaintiff's request to reinstate case number SA-06-CV-333-FB, which was dismissed without prejudice by Judge Biery on May 23, 2006. The Court's previous Order granting Plaintiff leave to proceed in forma pauperis is VACATED (Docket No. 2). This Order disposes of all claims asserted by Plaintiff; therefore, the Clerk is instructed to close this case.

It is so ORDERED.

SIGNED this 24th day of January, 2007.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE